NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALICE R. DRUMMER,

Plaintiff-Appellant,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

Defendant-Appellee.

No. 21-35710

D.C. No. 3:20-cv-05654-SKV

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted July 7, 2022**
Portland, Oregon

Before: R. NELSON and LEE, Circuit Judges, and RAKOFF,*** District Judge.

Alice Drummer appeals the district court's decision affirming the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Administrative Law Judge's denial of Social Security disability benefits. We have jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. We affirm.

Drummer retired from her job as an elementary school principal, citing her symptoms from obesity, diabetes, peripheral neuropathy, and musculoskeletal disorders. An ALJ concluded that Drummer had a residual functional capacity (RFC) consistent with "light work," 20 C.F.R. § 404.1567(b), so she could still work as a school principal. The district court affirmed the ALJ's decision.

"We review the district court's order affirming the ALJ's denial of social security benefits de novo, and reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (internal citation omitted).

**1.** The ALJ properly considered the medical evidence. First, Drummer argues that the ALJ improperly evaluated the clinical findings of her treating physicians. Drummer lists her medical history seriatim but does not specify which clinical evidence the ALJ failed to consider. Because Drummer "failed to argue this issue with any specificity in h[er] briefing," this argument is waived. *See Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).[1]

---

[1] Even if Drummer preserved this argument, the ALJ discussed substantially all of Drummer's impairments. *See Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir.

Next, Drummer argues that the ALJ improperly credited Dr. Taylor's opinion. Dr. Taylor performed a consultative examination to assess Drummer's functional limitations and concluded that she could perform light work. The ALJ found Dr. Taylor's opinion to be the "mo[st] persuasive because he personally examined [Drummer]." An "ALJ is responsible for determining credibility," *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "is not required to give reasons for crediting, as opposed to rejecting, medical opinion evidence," *Derek R. v. Comm'r of Soc. Sec.*, No. 3:20-cv-05154-TLF, 2021 U.S. Dist. LEXIS 88092, at *16 (W.D. Wash. May 7, 2021).

Drummer argues that Dr. Taylor was not credible because he failed to consider her history of osteoporosis, neuropathy, sleep inefficiency, and vision loss. But a consultative physician need not review all the claimant's medical records to be deemed credible. *See* 20 C.F.R. § 404.1527(c)(6) (listing a medical source's familiarity with "other information" in a claimant's case record as a factor to be considered in determining the weight given to a medical opinion). Moreover, Drummer claims in conclusory fashion that Dr. Taylor's functional assessment—that she "had no limitations in standing, walking, and sitting"—was contradicted by his other diagnoses of fatigue, headaches, diabetes, lower leg edema, and back pain.

2003) ("[T]he ALJ does not need to discuss every piece of [medical] evidence.") (internal quotations omitted).

But Drummer fails to explain how these diagnoses contradict the functional assessment. Therefore, this argument is waived for lack of specificity. *See Carmickle*, 533 F.3d at 1161 n.2.[2]

Additionally, Drummer challenges the ALJ's reliance on Lisa Wooten's opinion. Like Dr. Taylor, Wooten concluded that Drummer could perform light work and thus was not disabled. But the ALJ mistakenly believed that Wooten provided a medical opinion when she was a non-medical single decisionmaker. *See* 20 C.F.R. §§ 404.1527(a)(1) and 404.906(b)(2). The ALJ's reliance on Wooten's opinion was harmless because it was "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (quoting *Carmickle*, 533 F.3d at 1162). Wooten's opinion was consistent with Dr. Taylor's, which alone is substantial evidence capable of supporting the ALJ's RFC determination. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (An examining physician's "opinion alone constitutes substantial evidence, because it rests on his own independent examination" of the claimant.).

Lastly, Drummer challenges the ALJ's reliance on Dr. Martin's opinion. Dr. Martin likewise concluded that Drummer could perform light work. Because this

---

[2] Drummer also claims that Dr. Taylor failed to consider how her pain would limit her functional ability. But Dr. Taylor explicitly considered Drummer's history of lower leg pain from edema, hip pain from trochanteric bursitis, and back pain from degenerative disc disease.

determination was in part based on Dr. Taylor's report, which, according to Drummer, was "inconsistent with [its] own findings," she argues that Dr. Martin's opinion is also entitled to no weight. But for reasons previously stated, Dr. Taylor's opinion was not internally inconsistent. Additionally, Drummer says Dr. Martin failed to account for "fatigue, sleep apnea, peripheral neuropathy, edema, and her many fractures." But Dr. Martin explicitly considered these conditions.

**2.** The ALJ properly discredited Drummer's subjective pain and symptoms testimony. Valid reasons for rejecting a claimant's testimony include inconsistencies in the claimant's testimony, or inconsistencies between her testimony and her conduct, such as "daily activities, her work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms." *Thomas v. Barnhart*, 278 F.3d 947, 958–59 (9th Cir. 2002).

First, Drummer's testimony was inconsistent with the objective medical evidence. *See Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").[3] For example, Drummer testified that her impairments substantially limited her ability to

---

[3] According to Drummer, the ALJ discounted her testimony because it was *not fully supported* by objective medical evidence. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (The "lack of medical evidence cannot form the sole basis for discounting pain testimony."). But the ALJ discounted Drummer's testimony because it was *contradicted* by objective medical evidence, which is permissible. *Carmickle*, 533 F.3d at 1161.

walk, but she has had a normal gait throughout the disability period, and Dr. Taylor found no limitations on standing and walking. Drummer also testified that, because of her edema, she was required to elevate her legs for substantial amounts of time each day. But Drummer was instructed to elevate her legs only after fracturing her ankle, and there is no evidence that this was an ongoing requirement. And Drummer testified that her peripheral neuropathy substantially limited her ability to work, but Drummer was not diagnosed with this condition until January 2018, near the end of her claimed disability period. The ALJ properly found that these inconsistencies undermine her credibility.

Second, Drummer's return to part-time work (3 days per week, 8 hours per day) as a substitute principal undermines her credibility. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (explaining that part-time work during the period of alleged disability is a valid reason to discredit the claimant's testimony). "The determinative issue is whether the claimant's part-time work is inconsistent with the limitations asserted." *Susana R. v. Saul*, No. 5:19-cv-01537-KES, 2020 U.S. Dist. LEXIS 146010, at *20 (C.D. Cal. Aug. 13, 2020).

Third, the ALJ found Drummer's daily activities inconsistent with her testimony. "[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).

Therefore, a claimant's activities are relevant to credibility only if they are inconsistent with her claimed limitations. *Id.* Drummer testified that she has extreme fatigue, is socially isolated, needs assistance shopping for groceries, and can only perform light chores. But Drummer's psychologist noted that she can shop, socialize, work, and engage in leisure activities normally. Drummer also told Dr. Taylor that she "does not require assistance with activities of daily living" and can perform all chores except for yard work. This undermines Drummer's credibility.

Lastly, the ALJ noted Drummer's travel. The ability to travel may undermine a claimant's testimony. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (holding that "travel to Venezuela for an extended time" undermined the claimant's credibility). Drummer traveled to the East Coast for one week "after the unexpected death of her 41-year-old niece," and she went on a cruise to Jamaica and the Cayman Islands. While Drummer might be able to endure substantial pain to attend the funeral of a loved one, an international cruise vacation, which presumably involves walking and other activities, undermines Drummer's testimony.

**AFFIRMED.**

7